**Jose T. ARAUJO, Petitioner— Appellant,**

v.

**Ivalee HENRY, Warden, Respondent— Appellee.**

No. 00–55825.

D.C. No. CV–98–00449–DDP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Nov. 16, 2001.

838

Before BRIGHT,* KOZINSKI, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Petitioner Jose T. Araujo appeals the district court's denial of his federal habeas corpus petition. As the facts are known to the parties, we do not recite them here. For the reasons discussed below, we affirm.

* Honorable Myron H. Bright, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

After the April 23, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996, we may grant a habeas petition on behalf of a person in custody pursuant to the judgment of a state court only if that court's decision was contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). Under AEDPA, we may reverse a state court's decision as involving an "unreasonable application" of clearly established federal law only when we are left with a "firm and definite conviction" that an error has been committed. *Van Tran v. Lindsey*, 212 F.3d 1143, 1153 (9th Cir.2000).

Because the state courts here did not articulate a rationale for their determination, we cannot review those courts' "application" of clearly established law. *Delgado v. Lewis*, 181 F.3d 1087, 1091 (9th Cir.1999). We nonetheless give the same deference to these state court determinations, determining only "whether, in light of an independent review of the record and the relevant law, the state court's resolution of a petitioner's claim was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* at 1091.

Applying this deferential standard of review, we cannot say that the state court's application of clearly established federal law in this case was unreasonable. We need not decide whether Araujo's statements were solicited in violation of *Miranda*. Where, as here, a defendant testifies on his own behalf, the prosecution may impeach the defendant with evidence of a prior statement taken

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

in violation of *Miranda,* so long as the statement's trustworthiness satisfies legal standards—that is, so long as the statement is voluntary. *See Harris v. New York,* 401 U.S. 222, 224, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). "[C]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." *Colorado v. Connelly,* 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). In determining whether the police used coercive activity to undermine Araujo's ability to exercise his free will, we consider "all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation." *Schneckloth v. Bustamonte,* 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Given the comparatively mild behavior of the detective, the apparent composure of the petitioner during the police interview, and the short duration of the interrogation session, it cannot be said that the state court unreasonably applied this "clearly established Federal law" when it deemed Araujo's statement voluntary.

While we do not wish to condone some of the tactics employed by the detective, there is no evidence of any physical mistreatment or sophisticated psychological abuse by the interrogating authority. *Cf. Cooper v. Dupnik,* 963 F.2d 1220, 1228–31(9th Cir.1992) (en banc); *Collazo v. Estelle,* 940 F.2d 411, 416 (9th Cir.1991) (en banc). Nor is there significant evidence, aside from Araujo's testimony that he felt "pressure," that he was psychologically overcome by the tactics. *Cf. Henry v. Kernan,* 197 F.3d 1021, 1027–28 (9th Cir. 1999). Indeed, though he did change his story during the course of the interrogation, Araujo never succumbed to the detective's alleged "pressure" to confess to criminal wrongdoing (or even to having engaged in sexual intercourse with the victim). This suggests that Araujo's will was

not overborne. Absent a showing that it was, the use of his statement for impeachment purposes was not an error.

Because Araujo's petition fails on the merits, we need not reach the question of the applicability of equitable tolling in this case.

AFFIRMED.